IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BETH STOYER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| V. | § | |
| | § | 3:08-CV-1376-K |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE CO., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant State Farm Mutual Automobile Insurance Co.'s Motion for Partial Dismissal and Agreed Motion for Separate Trials and Abatement (Doc. Nos. 7 & 11). The Court **GRANTS** the motion for separate trials, abating certain claims until Defendant's liability is established. The Court concludes the damages to which Stoyer is entitled must be determined first before proceeding to Plaintiff's remaining claims. Accordingly, the Court **ABATES** the extracontractual and statutory claims pending determination of State Farm's liability for damages under the policy. The Court further **GRANTS in part** and **DENIES in part** Defendant's motion to dismiss, dismissing only the breach of contract claim.

I.  **Factual and Procedural Background**

On October 19, 2005, Plaintiff Beth Stoyer ("Stoyer") was involved in an automobile accident with Anagricelda Porto ("Porto"). Plaintiff states she was stopped at a red light on West Parker Road in Plano, Texas, when Porto's vehicle hit her car from

behind, slamming Stoyer's vehicle into the car in front of her. Stoyer states she was taken by ambulance to the hospital and suffered a neck strain, two disc herniations, and contusions to her chest wall, shoulder, and wrist.

Stoyer asserts that Porto was negligent in operating her vehicle and maintains that Porto was an uninsured/underinsured driver under the terms of Stoyer's automobile insurance policy issued by State Farm Mutual Automobile Insurance Co. ("State Farm").

State Farm counters that Stoyer has not obtained a judgment establishing her legal right to recover. Stoyer filed this action in state court when State Farm did not pay her underinsured motorist claim. Stoyer asserts causes of action for a declaratory judgment, breach of contract, violations of the Texas Insurance Code and Deceptive Trade Practices–Consumer Protection Act ("DTPA"), and bad faith. State Farm subsequently removed the action to this Court. Federal subject-matter jurisdiction is proper because Stoyer and State Farm are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." A motion under Rule 12(b)(6) should be granted, however, only if it appears beyond doubt that the plaintiff could prove no set of facts in support of its claims that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524

(5th Cir. 1994); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). In determining whether dismissal should be granted, a court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Capital Parks, Inc. v. S.E. Adver. and Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844, 846 (5th Cir. 1991). The plaintiff "must plead specific facts, not mere conclusory allegations." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (quoting *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)).

**III.    Analysis**

A federal court must apply the substantive law of the forum state in a diversity case. *Ideal Mut. Ins. Co. v. Last Days Evangelical Ass'n*, 783 F.2d 1234, 1240 (5th Cir. 1986). Consequently, Texas state law is controlling.

As an initial matter, the claims in this case appear markedly similar to those in *Owen v. Employers Mut. Cas. Co.*, No. 3:06-CV-1993-K, 2008 WL 833086 (N.D. Tex. Mar. 28, 2008) (Kinkeade, J.). The Court applies a similar analysis here.

**A.    Breach of Contract and Declaratory Relief**

Stoyer claims State Farm breached the contract by failing to pay her underinsured motorist claim under the policy's provisions. Stoyer's policy contains a provision for uninsured/underinsured motorists ("UIM"), providing coverage for "damages which a

covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person, or property damage caused by an accident." State Farm contends in its motion to dismiss that Stoyer has failed to establish her legal right to recover. Specifically, Plaintiff has failed to prove a condition precedent to establishing a legal right to pursue her UIM claim: Porto's liability through a judgment. *See* TEX. INS. CODE ANN. § 1952.106 (Vernon Supp. 2007); *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006).

In *Brainard*, the Texas Supreme Court stated that neither filing suit against the UIM insurer nor demanding UIM benefits will trigger a contractual duty of the insurer to pay. *Id.* The court held that an insurer in Texas has "no contractual duty to pay benefits [on a UIM claim] until the insured obtains a *judgment* establishing the liability and underinsured status of the other motorist." *Id.* (citing *Henson v. Southern Farm Bureau Cas. Ins. Co.,* 17 S.W.3d 652, 653 (Tex. 2000)) (emphasis added). Therefore, because UIM benefits turn on whether the insured is legally entitled to receive damages from a third party—the other motorist—an insurer's contractual duty to pay is not triggered until liability and damages are determined. *Id.*

In this case, the Court can find no previous determination of Porto's liability and Stoyer does not direct the Court to any such evidence. In any event, no contractual duty can arise for the insurer until an insured obtains a judgment proving the other motorist's liability and underinsured status. *See id.* Consequently, because there is no

such judgment here, the Court cannot conclude that State Farm breached a contractual duty that never was triggered. Notably, Stoyer filed no response to State Farm's motion to dismiss. Because Texas state law requires a judgment and Plaintiff has provided no argument to the contrary, the Court must dismiss Stoyer's claim for breach of contract.

### B. Extracontractual and Statutory Claims

Stoyer alleges State Farm knowingly failed to act in good faith to effectuate a prompt, fair, and equitable settlement of their claim once Employers' liability became reasonably clear. *See* TEX. INS. CODE ANN. §541.060(a)(2)(A) (Vernon 2008); TEX. BUS. & COMM. CODE ANN. §§ 17.46(b), 17.50 (Vernon 2008). Stoyer alleges violations of the DTPA, which appear to relate to exemplary damages. State Farm moves the Court to dismiss these claims on the basis that Stoyer failed to prove the requisite condition precedent to establish her legal right to pursue a UIM claim. *See Brainard*, 216 S.W.3d at 818.

Texas law provides that an insurer is liable for bad faith in denying or postponing a claim the insurer was reasonably clear was covered under the policy. *See Universal Like Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997). Generally, a bad faith claim cannot survive absent the insurer's liability under the policy; however, if the insurer's conduct is extreme in nature and causes injury in tort independent of the claim against the policy, the insurer's conduct may be deemed to be in bad faith. *See Boyd*, 177 S.W.3d at 922.

A case out of this court is instructive. *Schober v. State Farm Mutual Automobile Ins. Co.*, No. 3:06-CV-1921-M, 2007 WL 2089435 (N.D. Tex. July 18, 2007) (Lynn, J.). In that case, the court concluded that the plaintiffs' claim of bad faith as to the defendant's contractual duty to pay on the UIM claim failed because they did not satisfy the *Brainard* standard of establishing their legal right. *Id.* at *5. The court concluded, however, that the defendant could still be found liable under the policy for UIM damages claimed by the plaintiffs. *Id.* Therefore, the court abated those bad faith and exemplary damages claims pending the determination of the defendant's liability for the UIM damages under the policy. *Id*.

This Court follows that reasoning. Stoyer may still be entitled to and recover UIM damages under the policy. As such, the Court concludes State Farm's liability under the policy for UIM damages should be determined first, then the DTPA, Insurance Code and bad faith claims should be addressed—as in both *Schober* and *Owen*. The Court notes that with its granting of the motion to abate, State Farm represents that it waives its right to a judicial determination of the motorist's negligence for causing the collision. Further, the parties have agreed to a trial on the issue of damages, if any, to determine Porto's status as an underinsured motorist. Accordingly, the Court **denies** State Farm's motion to dismiss Stoyer's extracontractual and statutory claims and **abates** them pending determination of State Farm's liability.

IV. Conclusion

For these reasons, the Court **GRANTS** State Farm's motion to dismiss Stoyer's claim for breach of contract. The Court **DENIES** State Farm's motion to dismiss Stoyer's extracontractual and statutory claims. The Court hereby **ABATES** those claims pending the resolution of State Farm's liability for UIM damages under the policy.

**SO ORDERED.**

Signed February 24th, 2009.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE